PAUL M. GAUDET, ESQ.
Nevada Bar No. 4612
6671 S. Las Vegas Blvd., Ste 210
Las Vegas, NV 89119
Telephone: (702) 385-7475
Email: pmglawyer@netscape.net

CARA R. BURNS, ESQ.
CA Bar No. 137557, Pro Hac Vice
Hicks, Mims, Kaplan & Burns
2800 28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
Email: cburns@hmkblawyers.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., <br><br> Plaintiff, <br> vs. <br><br> JOHN DOES 1-100, individuals, JANE DOES 1-100, individuals, and XYZ COMPANY, business entity form unknown, inclusive, <br><br> Defendants. | Case No. 2:16-cv-668 RFB-VCF <br><br> **TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

  Based upon the previously filed Complaint, Memorandum of Points and Authorities, Supplemental Memorandum of Points and Authorities, Declaration of Scott Faraday, Supplemental Declaration of Scott Faraday, and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

  **IT IS HEREBY ORDERED** that Defendants John Does 1-100, Jane Does 1-100, and XYZ Company, their true identities being unknown (collectively "Defendants"), show cause

before the Honorable Richard F. Boulware II, United States District Judge, in Courtroom 7C of the United States District Court for the District of Nevada, located at 333 South Las Vegas Boulevard, Las Vegas, Nevada 89101 at **12:30 p.m. on April 22, 2016** or as soon thereafter as counsel can be heard, why an order pursuant to Fed.R. Civ. P. Rule 65, the Lanham Act (15 U.S.C. § 1051 et. seq.), and the All Writs Act (28 U.S.C. § 1651) should not be entered granting to Plaintiff Bravado International Group Merchandising Services, Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, namely, T-shirts, shirts, hats, caps, bandannas, sweatpants, and thermal shirts, and any prerecorded video and audio tapes, prerecorded phonograph records and prerecorded compact discs all featuring music (collectively the "Infringing Merchandise") bearing the federally registered trademarks of the Group known as **"GUNS N' ROSES"** (collectively, the "Group's Trademarks").  Specifically, this registered trademark covers any of the above merchandise bearing the phrase **"GUNS N' ROSES."**

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's complaint and declarations, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said distribution and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly

authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, and off duty officers of the same (with badges visible) from Las Vegas Metropolitan Police Department, North Las Vegas Police Department, Henderson Police Department, and Boulder City Police Department, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks, which Defendants attempt to sell or are holding for sale, including any Infringing Merchandise that is visible in any carton, container, vehicle, or other means of carriage where the Infringing Merchandise may be found from three (3) hours before to three (3) hours after the Group's concerts on April 8 and 9, 2016 at and within the T-Mobile Arena in Las Vegas, Nevada in public areas within the area of Frank Sinatra Drive, Las Vegas to the west, West and East Harmon Avenue, Las Vegas to the north, Las Vegas Boulevard, Las Vegas to the east and Tropicana Avenue, Las Vegas to the south. A map attached to this Order identifies the area covered by this Order. See Attachment A containing Court Exhibit 1;

**AND IT IS FURTHER ORDERED** that this Order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a surety bond, credit card, certified check, or cash in the amount of $10,000 no later than 2:00 p.m. on April 8, 2016, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the law enforcement officers shall be deemed custodian for all Infringing Merchandise seized and shall keep such merchandise until further order from this Court;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order shall identify himself or herself to the aforementioned process server but shall not be required to provide documentation or other proof of his or her identity;

**AND IT IS FURTHER ORDERED** that this Order only authorizes the law enforcement personnel identified in the Order to: a.) serve copies of this Order and the Complaint upon prospective Defendants distributing or selling Infringing Material, b.) seize Infringing Material, and c.) request the name of the individual(s) served with the Order and Complaint in the area designated by this Order in Attachment A. It does not authorize more than these activities, but nothing in this Order shall prevent law enforcement personnel from conducting enforcement actions that they are otherwise authorized to do under the laws of Nevada and the United States;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before April 17, 2016. Any reply shall be filed by the Plaintiff and served upon each

appearing defendant or his/her counsel on or before April 20, 2016.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65(b)(4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: April 7, 2016

_____
**RICHARD F. BOULWARE II**
**UNITED STATES DISTRICT JUDGE**



Google Maps



COURT EXHIBIT
1

https://www.google.com/maps/place/T-Mobile+Arena/@36.1056718,-115.1790856,15z/data=!4m2!3m1!1s0x80c8c42d14912223:0xea76a60ad1199d14   1/1